FILED
2025 Mar-24  PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **ZACHARY J. CHEEKS,** | } | |
| **Plaintiff,** | } | |
| | } | **Case Numbers:** |
| **v.** | } | **1:21-cv-08007-MHH;** |
| | } | **1:17-cr-00467-MHH-GMB** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

On March 20, 2018, Mr. Cheeks pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  (Crim. Doc. 20; Mar. 20, 2018 minute entry).[1]  The Court sentenced Mr. Cheeks to a term of imprisonment of 180 months.  (Crim. Doc. 42, p. 2).[2]  Mr. Cheeks appealed to the United States Court of Appeals for the Eleventh Circuit.  *United States v. Cheeks*, 795 Fed. Appx. 805 (11th Cir. 2019).  On

---

[1] "Doc." record cites refer to docket entries in this habeas case; "Crim. Doc." refers to docket entries in Mr. Cheeks's underlying criminal case, No. 1:17-cr-00467-MHH-GMB.

[2] Mr. Cheeks's PSR describes the conduct for which he was convicted. (Crim. Doc. 40, p. 5).  On April 6, 2017, a state law enforcement officer stopped Mr. Cheeks's vehicle for a traffic violation. (Crim. Doc. 40, p. 5).  After smelling marijuana and observing marijuana residue on the passenger side door handle, the officer asked Mr. Cheeks for consent to search the vehicle; Mr. Cheeks consented. (Crim. Doc. 40, p. 6).  During the search, the officer found a "plastic container with approximately one pound of suspected methamphetamine." (Crim. Doc. 40, p. 6).  The officer arrested Mr. Cheeks, and the DEA confirmed the substance to be methamphetamine. (Crim. Doc. 40, p. 6).

November 20, 2019, the Eleventh Circuit affirmed this Court's denial of Mr.

Cheeks's motion to suppress and dismissed Mr. Cheeks's challenges to his sentence

based on the appeal waiver in his plea agreement. *Cheeks*, 795 Fed. Appx. at 812.

Pursuant to 28 U.S.C. § 2255, Mr. Cheeks then filed his motion in this matter

challenging his conviction and sentence. (Doc. 1, p. 13).[3]  Mr. Cheeks argues that

he was "not cognizant" when he entered his plea agreement because he "suffers from

mental deficiencies [ ] manifestly clear on the record." (Doc. 1, p. 4).[4]  In essence,

Mr. Cheeks argues that he did not knowingly and voluntarily plead guilty.[5]  The

United States argues that Mr. Cheeks's § 2255 motion is untimely and that the

motion is barred procedurally. (Doc. 4).[6]

---

[3] Mr. Cheeks signed his § 2255 motion on March 1, 2021, but the Court did not docket the motion until March 5, 2021. (Doc. 1, p. 13).  Under the mailbox rule, Mr. Cheeks § 2255 motion was filed on March 1, 2021, the date "he signed, executed and delivered his petition to prison authorities for mailing." *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[4]  Mr. Cheeks cites expert testimony from clinical psychologist Dr. Henry Griffin.  At Mr. Cheek's sentencing hearing, Dr. Griffin testified that Mr. Cheeks did not "adequately appreciate" his guilty plea to a 2015 Alabama drug possession crime and did not understand the consequences of that plea.  That state court conviction undergirds the § 851 sentencing enhancement in Mr. Cheeks's federal criminal case. (Doc. 1, p. 4; Crim. Doc. 17; Crim Doc. 37, pp. 33-35, 45-46).

[5]  The Court interprets Mr. Cheeks's arguments for relief liberally because he is proceeding without the help of attorney in this § 2255 proceeding. *See Mederos v. United Sates*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted [ ] in the present case, are entitled to liberal construction.").

[6] Because the facts concerning Mr. Cheeks's § 2255 motion are undisputed, and the motion involves questions of law, an evidentiary hearing is not necessary to resolve Mr. Cheeks's motion. *See Shinn v. Ramirez*, 596 U.S. 366, 389-90 (2022).

The Court gave Mr. Cheeks an opportunity to reply to the United States' response to his motion. (Doc. 2, p. 1).  The Court has not received a reply from Mr. Cheeks.

Under the law that governs the time for filing § 2255 motions, Mr. Cheeks's motion is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on motions for relief from criminal judgments. That one-year period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the fact supporting the claim or claims presented could have been discovered through due diligence.

28 U.S.C. § 2255(f)(1-4). Mr. Cheeks has not shown that a triggering event under § 2255(f)(2-4) applies, so his final judgment of conviction triggers the one-year period under § 2255(f)(1). For a criminal defendant who appeals his conviction but does not petition the United States Supreme Court for certiorari review, the judgment of conviction becomes final 90 days after the appellate court issues its decision. *Kemp v. United States*, 596 U.S. 528, 531 (2022) ("For someone who, like [the defendant] does not petition [the] Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment."). Per this rule, Mr.

3

Cheeks's conviction became final on February 18, 2020.   (Doc. 4, p. 3).[7]

Consequently, the limitations period under § 2255(f)(1) expired on February 18,

2021.  *See* 28 U.S.C. § 2255(f)(1).  Mr. Cheeks's filed his § 2255 motion on March

1, 2021.  Therefore, the one-year limitation in AEDPA bars Mr. Cheeks's motion.

Mr. Cheeks argues that the Court should excuse his delay in filing his motion

because of the prison lockdown during the COVID-19 pandemic.   (Doc. 1, p. 11).

This argument concerns equitable tolling.  To be entitled to equitable tolling of the

one-year time limit on his § 2255 motion, Mr. Cheeks must show that he pursued his

rights diligently and that an "extraordinary circumstance stood in his way and

prevented timely filing."  *Powell v. United States*, No. 21-12432-J, 2022 WL

2811987, at *1 (11th Cir. February 8, 2022) (quoting *Holland v. Florida*, 560 U.S.

631, 649 (2010)).   The Eleventh Circuit has held that "lockdowns and similar

limitations imposed because of the COVID-19 pandemic were not extraordinary

circumstances which by themselves justify equitable tolling."  *Powell*, 2022 WL

2811987, at *1.  Mr. Cheeks has not shown why he did not or could not file his

habeas motion between November 20, 2019, the date the Eleventh Circuit Court of

Appeals the Eleventh Circuit affirmed the judgment against Mr. Cheeks, and the first

federal prison lockdown in March 2020.  *See Akins v. United States*, 204 F.3d 1086,

---

[7] The United States calculated Mr. Cheeks's final conviction date as February 17, 2020.  (Doc. 4, p. 3).  The Court calculates February 18, 2020 as the final conviction date.

1090 (11th Cir. 2000) (finding that equitable tolling did not apply where Mr. Akins did not explain why he could not have prepared or filed his motion before a first prison lockdown).[8]    Mr. Cheeks has not shown extraordinary circumstances to justify equitable tolling.

Moreover, even if equitable tolling applied, Mr. Cheeks's § 2255 motion is barred procedurally.  A prisoner may not raise issues in a § 2255 motion "that he already raised and that [were] rejected on his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239-40 (11th Cir. 2014).  This procedural bar includes "issues that a court necessarily or by implication decided against the litigant in an earlier appeal." *Stoufflet*, 757 F.3d at 1240.  In his § 2255 motion, Mr. Cheeks argues that because of his "mental deficiencies," he did not enter a plea agreement and plead guilty to the federal charge against him knowingly and voluntarily.  (Doc. 1, p. 4).

In its decision rejecting Mr. Cheeks's appeal from his conviction and sentence, the Eleventh Circuit "necessarily or by implication" rejected Mr. Cheeks's argument concerning his mental deficiencies.  Mr. Cheeks argued to the Eleventh Circuit that the appeal waiver in his plea agreement was invalid "due to mental

---

[8] The first COVID-19 federal prison lockdown occurred on March 12, 2020.  *See Federal Bureau of Prisons COVID-19 Action Plan*, https://www.bop.gov/news/20200313_covid-19.jsp (last visited March 20, 2025).  The Court takes judicial notice of the information on the BOP's website. *See R.S.B. Ventures. Inc. v. F.D.I.C.*, 514 Fed. Appx. 853, 856 (11th Cir. 2013) (taking judicial notice of information on FDIC's website); *Lamonte v. City of Hampton*, 576 F. Supp. 3d 1314, 1327 n.12 (N.D. Ga. 2021) (It is well established law that "a court may take judicial notice of government websites.").

deficiencies that were discovered after he pleaded guilty." *Cheeks*, 795 Fed. Appx.

at 812; *see also Cheeks*, 795 Fed. Appx. at 813 (discussing Mr. Cheeks's contention

that his appeal waiver was invalid "because it was not 'manifestly clear' from the

record that he understood the significance of the waiver based on evidence about his

intellectual capacity that he presented at sentencing").  The Eleventh Circuit stated:

> Although Cheeks presented the testimony of Dr. Griffith in support of
> his argument that his intellectual deficiencies prevented him from
> knowingly and voluntarily pleading guilty to his 2015 Alabama drug
> offense, he at no point argued that his guilty plea in the present case
> was not knowingly and voluntarily entered.  The district court,
> however, recognized *sua sponte* at sentencing that the proffered
> testimony raised issues not only with respect to the 2015 guilty plea but
> with respect to the guilty plea in the present case as well.  After
> examining Dr. Griffith's testimony, the court nevertheless concluded
> that "the guilty plea in this case, as the Court found at the plea hearing,
> was knowingly and voluntarily entered."  The court explained that Dr.
> Griffith's testimony indicated that Cheeks could understand
> information told to him by his attorney, including the consequences of
> a plea.  Thus, not only did the district court question Cheeks specifically
> about the appeal waiver at his plea colloquy, it took into account
> testimony Cheeks presented after the fact on a different issue and still
> determined that the plea and appeal waiver were knowingly and
> voluntarily entered.  In such circumstances, we have little difficulty
> concluding that the appeal waiver was knowingly and voluntarily
> entered. . . .

*Cheeks*, 795 Fed. Appx. at 813.  The Eleventh Circuit's holding regarding Mr.

Cheeks's appeal waiver extends to his plea agreement and necessarily establishes

that Mr. Cheek knowingly and voluntarily entered into his plea agreement.  Mr.

Cheeks cannot relitigate an issue that the Eleventh Circuit by implication decided on appeal. *See Stouflett*, 757 F.3d at 1240.[9]

For these reasons, by separate order, the Court will deny Mr. Cheeks's § 2255 motion.

A district court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The Court declines to issue a certificate of appealability here because Mr. Cheeks's case does not satisfy either standard. Mr. Cheeks may request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1.

---

[9] The United States raises the law-of-the-case doctrine in its brief. (Doc. 4, pp. 4-5). The Eleventh Circuit has "never applied the-law-of-the-case doctrine by name to a motion to vacate a prisoner's sentence that raises again an argument raised earlier in a prisoner's direct appeal." *See Stoufflet*, 757 F.3d at 1240 ("The law-of-the-case doctrine. . . is unfit to describe the interplay between the claims raised in a direct appeal and those raised in a collateral proceeding attacking a final judgment. . . . [T]he law-of-the-case doctrine is intended to 'regulate judicial affairs *before* final judgment.'") (emphasis in *Stoufflet*) (quoting § 4478 *Law of the Case*, 18B FED. PRAC. & PROC. JURIS. § 4478 (3d ed.)).

**DONE** and **ORDERED** this March 24, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE